UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY R. FRANKLIN,

    Plaintiff,

v.                                                    Case No: 8:19-cv-2049-T-36CPT

WELLCARE HEALTH PLANS INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the court *sua sponte*. Upon review of the Complaint (Doc. 1), although venue is proper in this district, transfer of this action to the Atlanta Division of the Northern District of Georgia may be appropriate. Plaintiff alleges that he is a resident of the State of Georgia, and although Defendant is headquartered in Tampa, Florida, the complaint alleges that it sent text messages to Plaintiff's cellular telephone, which contains an Atlanta, Georgia area code, as "Wellcare of Georgia." Doc. 1 ¶¶ 5-6, 8-9. Plaintiff also alleges violation of Georgia law. *Id.* ¶¶ 19-21.

Pursuant to 28 U.S.C. § 1391, a civil action may be brought in, as is relevant here, "a judicial district in which any defendant resides," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

The decision to transfer a case pursuant to § 1404(a) should be based on an individualized, case-by-case consideration of convenience and fairness. The Eleventh Circuit lists nine factors a court should consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005) (citation omitted). *See also Bennett Eng'g Grp., Inc. v. Ashe Indus., Inc.*, Case No. 6:10–cv–1697–Orl–28GJK, 2011 WL 836988, at *1–2 (M.D. Fla. Mar. 8, 2011) (discussing the nine factors and granting motion to transfer division pursuant to 28 U.S.C. § 1404(a) and L.R. 1.02(c)). And "there is a long-approved practice of permitting a court to transfer a case *sua sponte* . . . but only so long as the parties are first given the opportunity to present their views on the issue." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotations omitted).

In this case, the Complaint alleges that venue is proper here and that Defendant is a company headquartered in Tampa. Doc. 1 ¶¶ 4, 6. However, the allegations do not show any nexus between the activities alleged in the Complaint and Tampa, Florida. Instead, the allegations suggest that all events occurred in Georgia. *Id.* ¶¶ 8-21.

Accordingly, Plaintiff is directed to **SHOW CAUSE** as to why this case should not be transferred to the Atlanta Division of the Northern District of Georgia. Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order. Alternatively, if Plaintiff believes that transfer is appropriate, it shall file a notice stating the same. Failure to respond within the time provided will result in the transfer of this case without further notice.

**DONE AND ORDERED** in Tampa, Florida on August 19, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any